UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARMEN HAMMOND | CIVIL ACTION |
| VERSUS | |
| ANTHONY BURNS ET AL. | NO.: 18-803-BAJ-RLB |

## RULING AND ORDER

Before the Court in this 42 U.S.C. § 1983 action is the **Motion to Dismiss (Doc. 21)** filed by Defendants Anthony Burns, Andrew Poe, Kevin McDonald, Robert Myer, and the City of New Roads. For the reasons that follow, the **Motion (Doc. 21)** is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

Officers of the New Roads Police Department arrested Carmen Hammond for committing battery of a police officer. (Doc. 1). Hammond contends the arrest was bogus. (*Id.*). She sued the arresting officers, Anthony Burns and Andrew Poe; the City of New Roads Police Department's Chief of Police, Kevin McDonald; the City of New Roads' then-Mayor, Robert Myer; and the City of New Roads. (*Id.*). The well-pleaded facts of her complaint, accepted as true and viewed in her favor, follow. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

Hammond's house caught fire on August 28, 2017. (Doc. 1 at ¶ 10). Seeking help, Hammond called the fire department and her father, a former firefighter with a heart condition. (*Id.* at ¶ 11). By the time her father arrived, the firefighting was well underway. (*Id.* at ¶ 12). But Hammond's father grew concerned: the house looked "too smoky" and the electrical supply had not been shut off (*Id.*). He feared the fire would spread "due to [an] electrical short circuit[.]" (*Id.*). So he asked the firefighters "several times" to shut off the electrical supply. (*Id.* at ¶ 13). The firefighters ignored him. (*Id.* at ¶¶ 13–14).

At some point, Hammond's father asked the firefighters "what their problem was." (*Id.* at ¶ 15). One of the firefighters responded by calling the City of New Roads Police Department. (*Id.*). Hammond tried to escort her father away from the firefighters; before she could do so, however, Officer Burns "pepper sprayed" her father and then threw him to the ground. (*Id.* at ¶ 17). Officers Burns and Poe then arrested Hammond because she had tried to help her father. (*Id.* at ¶ 22). They charged her with battery of a police officer, handcuffed her "so tightly as to leave a mark on her wrist," "forced" her to sit in the police cruiser for "nearly two hours," and then transported her to jail. (*Id.* at ¶ 23).

The following day, Hammond was released. (*Id.* at ¶ 24). Officers later dismissed the charge against her. (*Id.*). This lawsuit followed.

Hammond purports to allege (1) § 1983 claims for "unlawful arrest or detention" against all Defendants (Doc. 1 at ¶¶ 30–37); (2) § 1983 claims for abuse of process and malicious prosecution against all Defendants (*Id.* at ¶¶ 38–50); (3) § 1983

2

excessive-force claims against unspecified Defendants (*Id.* at ¶¶ 51–52); (4) assault and battery claims against Officers Burns and Poe (*Id.* at ¶¶ 53–56); (5) a *Monell* claim against the City of New Roads (*Id.* at ¶¶ 57–66); and (6) intentional infliction of emotional distress claims against all Defendants (*Id.* at ¶¶ 67–70).

Now, Defendants invoke qualified immunity and move to dismiss Hammond's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 21). Hammond opposes. (Doc. 25).

## II.   LEGAL STANDARD

To overcome Defendants' Rule 12(b)(6) motion, Hammond must plead plausible claims for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Hammond's complaint and views those facts in the light most favorable to her. *See Midwest Feeders, Inc.*, 886 F.3d at 513.

## III.   DISCUSSION

Defendants move to dismiss Hammond's federal claims as barred by qualified immunity and her state-law claims as deficiently pleaded. (Doc. 21). Qualified immunity is not merely a defense to liability; it is an immunity from suit. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is "effectively lost if a case is erroneously

3

permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). So "qualified immunity questions should be resolved 'at the earliest possible stage in litigation.'" *Porter v. Epps,* 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Pearson,* 555 U.S. at 232). Accordingly, the Court evaluates the federal claims, along with the qualified immunity defenses, first. *See Porter v. Epps,* 659 F.3d 440, 445 (5th Cir. 2011).

## A. Federal Claims

Hammond purports to allege § 1983 claims of unlawful arrest, abuse of process, malicious prosecution, and excessive force. (Doc. 1). She also seeks an award of punitive damages. (*Id.* at ¶¶ 73–74). Defendants invoke qualified immunity in response. (Doc. 21).

Qualified immunity protects government officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson,* 555 U.S. at 231 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Because Defendants invoke qualified immunity, Hammond "bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva,* 918 F.3d 414, 416 (5th Cir. 2019). To meet that burden, Hammond must allege facts showing that (1) Defendants violated a statutory or constitutional right and (2) the right was clearly established at the time of the conduct. *See id.* at 416.

### 1. Unlawful Arrest

At the time of the alleged misconduct, Hammond enjoyed a clearly established right not to be arrested without probable cause. *See Westfall v. Luna,* 903 F.3d 534,

4

542 (5th Cir. 2018). A police officer has probable cause "'when the totality of the facts and circumstances within [the] police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Id.* at 542–43 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

### a.   Officers Burns and Poe

Hammond alleges that Officers Burns and Poe arrested her without probable cause. (Doc. 1 at ¶ 32). Defendants contend the allegations of Hammond's complaint, considered cumulatively, establish probable cause. (Doc. 21-1 at pp. 7–8). The Court disagrees.

The well-pleaded allegations of Hammond's complaint, accepted as true and viewed in her favor, establish that Officers Burns and Poe arrested Hammond because she was "attempting to tend to her ailing father." (Doc. 1 at ¶ 22). No factual allegation supports the inference Defendants urge the Court to draw—that Officers Burns and Poe had within their knowledge at the moment of arrest sufficient facts to conclude that Hammond had committed or was committing battery of an officer. *See Westfall*, 903 F.3d at 542–43.

Accordingly, Hammond alleges facts sufficient to show that Officers Burns and Poe violated her clearly established Fourth Amendment right not to be arrested without probable cause. *See id.* at 542. The Court therefore denies Defendants' motion as to Hammond's § 1983 unlawful-arrest claims against Officers Burns and Poe.

### b.     Chief McDonald

Hammond purports to allege a § 1983 supervisor-liability claim against Chief McDonald. (Doc. 1 at ¶ 25). She alleges that Chief McDonald "employed, controlled, and supervised" Officers Burns and Poe, who violated her rights "at [Chief McDonald's] behest." (Doc. 1 at ¶¶ 25, 32).

There are two species of § 1983 supervisor-liability claims. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). The first requires that the supervisor "affirmatively participate" in the acts causing the constitutional deprivation. *Id.* at 620. The second requires that the supervisor "implement unconstitutional policies that causally result in the constitutional injury." *Id.* But no matter the species of claim, "to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.* (citation omitted). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997).

Hammond has not adequately alleged a § 1983 supervisor-liability claim against Chief McDonald. (Doc. 1 at ¶¶ 30–37). Specifically, she has not alleged facts, taken as true and viewed in her favor, showing that Chief McDonald acted with deliberate indifference. (*Id.*). Granted, Hammond alleges that "[e]ach and all the acts of the individual Defendants alleged herein were committed . . . with deliberate

indifference and/or gross negligence." (*Id.* at ¶ 6). But that is a legal conclusion—not a factual allegation; it is therefore not presumed true. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court grants Defendants' motion as to Hammond's § 1983 supervisor-liability claim against Chief McDonald and dismisses the claim *without* prejudice. Because it is not clear that amendment would be futile, the Court grants Hammond 14 days to amend her complaint to attempt to allege a plausible § 1983 supervisor-liability claim against Chief McDonald.

### c. Mayor Myer

Hammond has not alleged any facts establishing that Mayor Myer violated any of her federally protected rights. (Doc. 1 at ¶¶ 1–74). Accordingly, Hammond fails to plead any plausible claims against Mayor Myer. *See Shaw*, 918 F.3d at 416. The Court therefore grants Defendants' motion as to all claims against Mayor Myer and dismisses those claims *without* prejudice. Because it is not clear that amendment would be futile, the Court grants Hammond 14 days to amend her complaint to attempt to allege a plausible claim against Mayor Myer.

### 2. Abuse of Process

Hammond purports to allege § 1983 abuse-of-process claims against all Defendants. (Doc. 1 at ¶¶ 38–41). She alleges that Defendants abused the legal process by "procur[ing] a prosecution" against her with knowledge that she was innocent. (Doc. 1 at ¶ 39). And she alleges that Defendants did so "to somehow justify their own unlawful actions." (*Id.*).

7

Hammond must identify a federally protected right to support her § 1983 abuse-of-process claim. *See Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 675 (5th Cir. 2015) (per curiam). But she does not have a free-standing federally protected right to be free from abuse of process. *See Sisk v. Levings*, 868 F.2d 159, 161–62 (5th Cir. 1989). Accordingly, she cannot bring a § 1983 abuse-of-process claim.[1] *See Avdeef*, 616 F. App'x at 675. The Court therefore grants Defendants' motion as to Hammond's § 1983 abuse-of-process claims against all Defendants and dismisses those claims *with* prejudice.

### 3. Malicious Prosecution

Hammond attempts to allege § 1983 malicious-prosecution claims against Officers Burns and Poe, Chief McDonald, and the City of New Roads. (Doc. 1 at ¶¶ 42–50). She alleges that Officers Burns and Poe, acting "under the direct supervision" of Chief McDonald, "falsely criminally charged" her with battery of a police officer. (*Id.* at ¶ 43). And she alleges that Defendants acted with malice by initiating "the proceeding" without probable cause. (*Id.* at ¶¶ 45–50).

Hammond fails to allege a plausible § 1983 malicious-prosecution claim for the same reason she failed to allege a plausible § 1983 abuse-of-process claim: She fails to identify a federally protected right. *See Avdeef*, 616 F. App'x at 675. Hammond has no free-standing federally protected right to be free from malicious prosecution. *See Castellano v. Fragozo*, 352 F.2d 939, 942 (5th Cir. 2003) (en banc). So she cannot bring

---

[1] She could, however, attempt to allege a Louisiana-law abuse-of-process claim. *See, e.g., Guillory v. City of New Orleans*, 2016-0638 (La. App. 4th Cir. 8/2/17); 224 So. 3d 1035, 1042 (listing the elements of the Louisiana tort of abuse of process).

8

a § 1983 malicious-prosecution claim.[2] The Court therefore grants Defendants' motion as to Hammond's § 1983 malicious-prosecution claims against all Defendants and dismisses those claims *with* prejudice.

### 4. Excessive Force

Hammond purports to allege a § 1983 excessive-force claim against an unspecified Defendant. (Doc. 1 at ¶¶ 51–52). She alleges, without elaboration, that "the amount of force used upon [her] was unjustified, unreasonable[,] and excessive under the circumstances." (*Id.* at ¶ 52).

A § 1983 excessive-force claim requires proof of "'(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Johnson v. Thibodaux City*, 887 F.3d 726, 731 (5th Cir. 2018) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). The alleged injury "must be more than *de minimis*." *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)). For example, "'handcuffing too tightly, without more, does not amount to excessive force.'" *Id.* at 752 (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)).

Hammond has not plausibly alleged that Officers Burns and Poe used excessive force against her. (Doc. 1 at ¶¶ 51–52). Only one factual allegation speaks to the force these officers used: the allegation that Hammond "was handcuffed so

---

[2] She could, however, attempt to allege a Louisiana-law malicious-prosecution claim. *See Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15); 168 So. 3d 362, 367 (listing the elements of the Louisiana tort of malicious prosecution).

9

tightly as to leave a mark on her wrist." (*Id.*). That measure of force is not "excessive" under the law of this Circuit. *Tarver*, 410 F.3d at 752.

Accordingly, the Court grants Defendants' motion as to Hammond's § 1983 excessive-force claims against all Defendants and dismisses those claims *without prejudice*. Because it is not clear that amendment would be futile, the Court grants Hammond 14 days to amend her complaint to attempt to allege plausible § 1983 excessive-force claims.

### 5. *Monell*

Hammond attempts to allege a *Monell* claim against the City of New Roads. (Doc. 1 at ¶¶ 57–66). She alleges that the City of New Roads has policies of (1) "detain[ing] people even though there is no reasonable suspicion or probable cause" and (2) "us[ing] force which is excessive, unreasonable[,] and unwarranted. (*Id.* at ¶ 64). She alleges that these policies "demonstrate deliberate indifference" to her constitutional rights. (*Id.* at ¶ 62).

As a municipality, the City of New Roads is "not liable for the unconstitutional actions of [its] employees under respondeat superior." *Groden v City of Dallas, Tex.*, 826 F.3d 280, 283 (5th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, to establish the City of New Roads' liability under § 1983, Hammond must show that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Groden*, 826 F.3d at 283 (citation omitted). She need not allege the identity of the policymaker. *See Groden*, 826 F.3d at 284. She must, however, allege "specific facts"

10

describing the policy and "its relationship to the underlying constitutional violation." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

Hammond adequately alleges a *Monell* claim. (Doc. 1 at ¶¶ 57–66). The well-pleaded allegations of her complaint, accepted as true and viewed in her favor, establish that the City of New Roads promulgated official policies calling for suspicionless detention and the use of excessive force, and that these policies were the moving force behind the violation of her constitutional rights. (*Id.* at ¶¶ 64–65). The Court therefore denies Defendants' motion as to Hammond's *Monell* claim against the City of New Roads.

### 6. Punitive Damages

Hammond seeks awards of punitive damages against Chief McDonald, Mayor Myer, and Officers Burns and Poe. (Doc. 1 at ¶¶ 73–74). She does not specify whether she does so under the auspices of Louisiana law, federal law, or both. (*Id.*). Defendants contend that Hammond fails to allege facts showing she is entitled to punitive damages under § 1983. (Doc. 21-1 at pp. 18–19). The Court disagrees.

"Under §1983, punitive damages may be awarded only if the official conduct is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

Hammond has alleged facts, taken as true and viewed in her favor, establishing that Officers Burns and Poe arrested her for "tending to her ailing father." (Doc. 1 at ¶ 22). Such conduct "demonstrates reckless or callous indifference"

11

to Hamond's constitutional rights. *See Sockwell*, 20 F.3d at 192. The Court therefore denies Defendants' motion as to Hammond's punitive-damages claims.

### B. State-Law Claims

#### 1. Assault and Battery

Hammond purports to allege Louisiana-law claims for "assault and battery" against all Defendants. (Doc. 1 at ¶¶ 53–56). But she simply concludes that Officers Burns and Poe "assaulted and battered" her; she offers no factual allegation tailored to any element of either tort. (*Id.* at ¶¶ 53–55).

Accordingly, Hammond fails to plead a plausible claim for "assault and battery." The Court therefore grants Defendants' motion as to Hammond's claim for "assault and battery" and dismisses the claim *without* prejudice. Because it is not clear that amendment would be futile, the Court grants her 14 days to amend her complaint to attempt to allege an assault claim, a battery claim, or both claims.

#### 2. Intentional Infliction of Emotional Distress

Hammond attempts to allege a Louisiana-law claim for intentional infliction of emotional distress. (Doc. 1 at ¶¶ 67–70). She alleges that "[t]he malicious actions, lack of actions, breach of duties, negligence[,] and gross negligence of defendants" caused her "physical and emotional harm." (*Id.* at ¶ 68).

The tort of intentional infliction of emotional distress requires proof "(1) that the conduct of [Defendants] was extreme and outrageous; (2) that the emotional distress suffered by [Hammond] was severe; and (3) that [Defendants] desired to inflict severe emotional distress or knew that severe emotional distress would be

certain or substantially certain to result from [their] conduct." *White v. Monsanto*, 585 So. 2d 1205, 1209 (La. 1991).

Hammond fails to allege any fact tailored to any element of the tort of infliction of emotional distress. (Doc. 1 at ¶¶ 67–70). Accordingly, she fails to allege plausible claims for intentional infliction of emotional distress. The Court therefore grants Defendants' motion as to Hammond's claims for intentional infliction of emotional distress and dismisses the claims *without* prejudice. Because it is not clear that amendment would be futile, the Court grants her 14 days to amend her complaint to attempt to allege plausible claims for intentional infliction of emotional distress.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 21) is GRANTED IN PART**, as follows: Hammond's § 1983 supervisor-liability claims against Chief McDonald are **DISMISSED WITHOUT PREJUDICE**; all of Hammond's claims against Mayor Myer are **DISMISSED WITHOUT PREJUDICE**; Hammond's §1983 excessive-force claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**; Hammond's § 1983 abuse-of-process claims against all Defendants are **DISMISSED WITH PREJUDICE**; Hammond's § 1983 malicious-prosecution claims against all Defendants are **DISMISSED WITH PREJUDICE**; Hammond's "assault and battery" claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**; Hammond's intentional infliction of emotional distress claims are

**DISMISSED WITHOUT PREJUDICE**. The **Motion (Doc. 21)** is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Hammond is granted 14 days to amend her complaint to attempt to allege plausible claims for (1) supervisor-liability under § 1983; (2) excessive force under § 1983; (3) assault or battery or both; and (4) intentional infliction of emotional distress. If Hammond fails to timely amend, the Court will dismiss these claims with prejudice and without further notice.

Baton Rouge, Louisiana, this 7th day of August, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**