# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARMEN HAMMOND, ET AL.** | **CIVIL ACTION** |
| VERSUS | |
| **ANTHONY BURNS, ET AL.** | **NO.: 18-00803-BAJ-RLB** |

## RULING AND ORDER

Before the Court is **Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 39)**. The motion is opposed. *See* (Doc. 47). For the reasons that follow, Defendants' Motion (Doc. 39) is **GRANTED IN PART** and **DENIED IN PART**.

I. **BACKGROUND**

On August 28, 2017, Plaintiff Carmon Hammond's house caught fire, which drove her to summon the fire department and her father, Plaintiff Ivory Hammond, a former firefighter who suffered from a heart condition. (Doc. 36 at ¶¶ 10–11). While at the scene of the fire, Ivory Hammond voiced his concern that the electrical supply in the house was still operational and he requested several times that firefighters shut it off, to no avail. (*Id*. at ¶¶ 13–14). One of the firefighters became "enraged" with Ivory Hammond and called the City of New Roads Police Department. (*Id*. at ¶15).

Prompted by Ivory Hammond's heavy breathing resulting from the smoke and stress of the situation, Carmen Hammond tried to escort her father away from the firefighters to calm him down. (*Id*. at ¶ 16). At this point, Plaintiff alleges that

1

Defendant Anthony Burns, despite warnings about Ivory Hammond's medical condition, suddenly sprayed him in the eyes with pepper spray. (Doc. 36 at ¶ 17). Burns proceeded to throw Ivory Hammond on the ground, then took him to the back of a police car and drove him to the New Roads Police station without informing him that he was being arrested. Once there, Ivory Hammond was denied medical assistance. (*Id*. at ¶¶ 18–20). Carmen Hammond was also pepper sprayed, arrested, and forced to sit in a police car for nearly two hours before being taken to jail overnight. During this period, she was unable to check on the status of her father or her unsupervised children. (*Id*. at ¶¶ 22–23).

On August 28, 2018, Plaintiff Carmen Hammond, then the sole Plaintiff in this case, filed her original Complaint (Doc. 1), seeking damages for unlawful arrest or detention against all Defendants; abuse of process and malicious prosecution against all Defendants; excessive force against unspecified Defendants; assault and battery against the arresting officers; a *Monell* claim against the City of New Roads; and intentional infliction of emotional distress claims against all Defendants. *See* (Doc. 1); (Doc. 32 at p. 2–3). Defendants moved to dismiss Plaintiff's claims. *See* (Doc. 21).

The Court issued an Order (Doc. 32) partially granting Defendants' Motion to Dismiss (Doc. 21). Specifically, the Court found that Plaintiff's claims for unlawful arrest as it pertained to Officers Burns and Poe (at p. 5) and the *Monell* claim against the City of New Roads (*Id*. at 10) were adequately pled, and denied the Motion to Dismiss (Doc. 21) with respect to those claims. The Court further dismissed Plaintiff's claims for abuse of process and malicious prosecution, with prejudice, and denied the

remainder of the claims without prejudice as inadequately alleged, offering Plaintiff 14 days to amend her complaint to allege plausible claims. (Doc. 32 at p. 14).

Plaintiff obliged and filed a First Supplemental and Amended Complaint (Doc. 36), which added her mother, Edie Hammond, and her late father, Ivory Hammond, as Plaintiffs. Plaintiffs then filed a Second (Doc. 37) and Third Supplemental and Amended Complaint (Doc. 49).[1] The Supplemental and Amended Complaints provide identical facts and re-allege every count from the original Complaint. In the interests of judicial economy, the Court applies its previous judgment to all duplicative claims and will not consider them to the extent it has already ruled.

Defendants now move to dismiss Plaintiffs' Supplemental and Amended Complaints under Federal Rule of Civil Procedure 12(b)(6). Because the facts are identical, Defendants have reasserted, adopted, and incorporated their arguments contained in their prior Rule 12(b)(6) Motion to Dismiss (Doc. 21) and Reply (Doc. 31), in order to avoid reiteration and duplication of arguments. (Doc. 39–1 at p. 3).[2] The instant Motion addresses the claims that the Court granted Plaintiff leave to re-allege, which Defendants argue Plaintiffs failed to do, as well as claims brought on behalf of the new Plaintiffs, which Defendants argue are prescribed. *See (*Doc. 39).

---

[1] The Third Supplemental and Amended Complaint for Damages was filed after the instant Motion to Dismiss (Doc. 39). However, as it merely supplements the existing claims to clarify that Ivory Hammond passed away on August 15, 2018 from heart failure, the Court does not view it as superseding the prior Complaints.

[2] These arguments were that (1) Plaintiff's federal claims were barred by qualified immunity, and (2) Plaintiff's state law claims were inadequately pleaded.

3

## II. LEGAL STANDARD

To overcome Defendants' Rule 12(b)(6) motion, Plaintiffs must plead plausible claims for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiffs' Amended and Supplemental Complaints and views those facts in the light most favorable to her. *See Midwest Feeders, Inc.*, 886 F.3d at 513.

## III. DISCUSSION

### A. Timeliness of Ivory Hammond's Claims

Plaintiff's Supplemental and Amended Complaints add claims on behalf of Ivory Hammond. Defendants argue that these claims fall outside of the applicable statute of limitations and are therefore time-barred. (Doc. 39–1, at p. 5–6).

Under La. Civ. Code art. 3492, which applies to delictual actions, a one-year prescriptive period commencing from the date of the injury or damage applies to Ivory Hammond's state law assault and battery claim. *Mulkey v. Century Indem. Co.*, 2018-1551 (La. App. 1 Cir. 8/7/19), 281 So. 3d 717, 721, *reh'g denied* (Aug. 29, 2019), *writ denied*, 2019-01534 (La. 11/25/19), 283 So. 3d 495, and *writ denied*, 2019-01576 (La. 11/25/19). As 42 U.S.C. § 1983 does not provide a prescriptive period, the Court examines the law of the forum state for his excessive force and *Monell* claims, which

4

are also informed by Article 3492. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citations omitted). The First Supplemental and Amended Complaint, under which claims on behalf of Ivory Hammond were first brought, was filed nearly two years after the incident giving rise to this litigation.

An otherwise untimely amendment will be viewed as timely if the Court finds that it relates back to the original Complaint under Rule 15. Rule 15(c)(1)(C) covers changes to defendants but does not specifically address added plaintiffs. However, the Advisory Committees' Notes to the Rule instruct that the approach taken towards change of defendants extends by analogy to plaintiffs. *Nobre on behalf of K.M.C. v. Louisiana Dep't of Pub. Safety*, 935 F.3d 437, 441 (5th Cir. 2019).

Rule 15(c)(1) provides that an amendment relates back when (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. FED. R. CIV. P. 15(c)(1).

Louisiana law, which provides the relevant prescriptive period for Ivory Hammond's claims, permits relation back. *Nobre*, 935 F.3d at 441. In *Girior v. South*

*Louisiana Medical Center*, the Louisiana Supreme Court held that amended claims on behalf of a new plaintiff relate back when: (1) the claims arose out of the same conduct, transaction, or occurrence set forth in the original petition; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiffs; (3) the new and old plaintiffs were sufficiently related so that the added or substituted parties were not wholly unrelated; and (4) the defendant was not prejudiced in preparing and conducting its defense. *Giroir v. S. Louisiana Med. Ctr., Div. of Hosps.*, 475 So. 2d 1040, 1044–45 (La. 1985).

The Court finds that these elements are sufficiently satisfied with respect to Ivory Hammond's claims. These claims arose out of the same incident as the original Complaint, so much so that the facts in the First Amended Complaint that serve as the basis for Ivory Hammond's claims are identical to those in the original Complaint. These facts also reveal a sufficiently close relationship between Carmen and Ivory in this action. Consequently, Defendants should have known of Ivory Hammond's involvement, particularly since he was referenced many times in the original Complaint, even if no claim was initially brought at that time by or for him. Lastly, Defendants have not indicated that their capacity to defend the suit would be prejudiced by adding claims asserted on behalf of Ivory Hammond.

The same does not hold true for Edie Hammond to the extent that she independently seeks damages in her individual capacity. Edie Hammond was not mentioned anywhere in the original Complaint, and her relationship as Ivory Hammond's wife does not implicate her in the relevant conduct. Plaintiffs have not

6

alleged that Defendants at any time knew Ivory Hammond was married at all, much less that his wife played any role in the conduct that gave rise to this litigation.

### B. Federal Claims

#### 1. Supervisor Liability

The Court granted leave to amend Plaintiff's supervisor liability claims under § 1983. (Doc. 32, at p. 7). Plaintiff has amended the claim to allege that Defendants City of New Roads, Kevin McDonald, and Robert Myer are "liable for the hiring, training, and disciplining of officers Burns and Poe…regarding the excessive use of force and the assault and battery of Ivory…and Carmen Hammond." (Doc. 37 at ¶ 69); (Doc. 36 at ¶ 32). A supervisor liability claim requires Plaintiffs to "show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Peña v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). Plaintiffs' amended claims simply allege that Defendants were responsible for policymaking and have failed to add anything to plausibly allege that Defendants acted with deliberate indifference. Thus, Plaintiffs' supervisor liability claims must fail.

#### 2. Excessive Force

Next, the Court addresses Plaintiff Carmen Hammond's re-alleged and Ivory Hammond's newly alleged claims for excessive force under 42 U.S.C. § 1983 and the Fourteenth Amendment against Defendants Poe and Burns. Plaintiff Carmen Hammond alleges that she and her father were both pepper sprayed despite posing no threat and not interfering with either officer while she attempted to tend to her

father. (Doc. 37, at ¶ 52c). Further, Plaintiffs allege that Ivory Hammond was physically and verbally harassed and battered before Carmen Hammond intervened. (*Id.*, at ¶ 52c).

Excessive force claims brought under § 1983 are fact-specific, requiring proof of "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Johnson v. Thibodaux City*, 887 F.3d 726, 731 (5th Cir. 2018) (citation omitted). The alleged injury "must be more than *de minimis.*" *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005) (citation omitted).

In opposition, Defendants argue that the use of pepper spray here does not amount to constitutionally excessive force. (Doc. 39–1, at p. 4). Defendants cite numerous cases from other jurisdictions where courts found that the use of pepper spray against dangerous defendants did not constitute excessive force. (*Id.*). However, this does not mean that pepper spray can never form the basis of an excessive force claim. *See Golden v. Austin Cty. Sheriff's Dep't*, No. CIV A. H-09-817, 2010 WL 3909476, at *6 (S.D. Tex. Sept. 30, 2010) (finding that if no resistance was offered, or if resistance was quickly ceased, using or continuing to use pepper spray was excessive).

Plaintiffs adequately allege excessive force claims for purposes of a Rule 12(b)(6) analysis. The facts alleged in the Second Supplemental and Amended Complaint, which the Court accepts as true at this stage, provide that Plaintiff Carmen Hammond was pepper sprayed for trying to aid her ill father who had been

8

physically battered by Poe and Burns. (Doc. 37, at ¶ 52c) They further allege that Poe and Burns ignored warnings about Ivory Hammond's condition and battered and pepper sprayed him. (Doc. 37, at ¶ 52c). At the Rule 12(b)(6) stage, these facts are sufficient to state a claim that the force used, in proportion to the need, was unreasonable.

### 3. *Monell*

Plaintiffs re-allege the *Monell* claim against Defendant City of New Roads, which the Court previously found to have been adequately alleged by Carmen Hammond, on behalf of all Plaintiffs. As Edie Hammond's individual claims do not relate back, the Court does not consider whether her *Monell* claim is adequately allege. Further, Plaintiffs have not alleged any constitutional rights of which Edie Hammond was deprived. However, the claim is adequately pleaded on behalf of Ivory Hammond, as it is identical to the *Monell* claim alleged by Carmen Hammond, which the Court ruled on in its previous Order (Doc. 32).

### C. State Claims

#### 1. Assault and Battery

Plaintiff Carmen Hammond re-alleges her claims for assault and battery under La. C.C. art. 2315, et seq. against Defendants Burns and Poe (Doc. 36 at ¶¶ 53–56) and brings the same on behalf of her father. (Doc. 37 at ¶¶ 54a–54f). The Court previously dismissed Plaintiff's claims as conclusory, but the Second Supplemental and Amended Complaint adds specific allegations. The facts alleged in support are similar to those for the excessive force claim—that Poe and Burns verbally and

9

physically battered and harassed her father, then pepper sprayed Carmen and Ivory Hammond when Carmen tried to assist her father. (*Id.*).

Under Louisiana law, battery is a "harmful or offensive contact with a person resulting from an act intended to cause that contact," and does not require that any actual damage be intended. *Lawson v. Straus*, 95-1537 (La. App. 4 Cir. 3/14/96), 673 So. 2d 223, 226, *writ denied*, 96-1709 (La. 9/3/96), 678 So. 2d 556 (citing *Caudle v. Betts*, 512 So.2d 389, 391 (La.1987)). Assault "is, speaking generally, threat of battery." (*Id.*). Plaintiffs adequately allege a *prima facie* claim for assault and battery. Nothing in the pleadings indicates that Poe and Burns unintentionally sprayed Plaintiffs or unintentionally battered Ivory Hammond, and both actions qualify as either harmful or offensive contact.

**2. Intentional Infliction of Emotional Distress**

As permitted by the Court's prior Order, Plaintiff Carmen Hammond has re-alleged her claim for intentional infliction of emotional distress. To support the claim, Plaintiff alleges that Officer Poe dragged her away from her ailing father after pepper spraying him, forced her to sit in a police unit without access to information about her father's well-being or the ability to contact her children. (Doc. 37, at ¶ 68b). Plaintiff further alleges that the charges resulting from her arrest, while dismissed, severely affected her career as a registered nurse, rendering her unable to secure employment. (*Id.* at ¶ 68c).

Under Louisiana law, the tort of intentional infliction of emotional distress requires Plaintiff to prove that: (1) Defendants' conduct was extreme and outrageous;

(2) the emotional distress suffered by Plaintiff was severe; and (3) Defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct. *Johnson v. English*, 34,322 (La. App. 2 Cir. 12/20/00), 779 So. 2d 876, 881, *citing White v. Monsanto*, 585 So.2d 1205 (La.1991); *Guilbeaux v. Times of Acadiana, Inc.*, 94–1270 (La.App. 3d Cir.8/9/95), 661 So.2d 1027, *writ denied* 95–2942 (La.3/29/96), 670 So.2d 1238. Extreme and outrageous conduct is conduct "so atrocious as to pass the boundaries of decency and to be utterly intolerable to civilized society." (*Id.*). Additionally, the conduct must be intended to cause severe emotional distress, rather than some lesser degree of fright, humiliation, embarrassment, worry or the like. (*Id.*).

Plaintiff has failed to meet this high bar. The arrest as described, though certainly upsetting to Plaintiff, did not pass the boundaries of decency, nor was it utterly intolerable to civilized society. Additionally, Plaintiff does not allege that Officer Poe intended to inflict severe emotional distress, or that it was a substantially certain result of his conduct. Lastly, any difficulties Plaintiff suffered in her career as a result of her arrest do not constitute emotional harm. *Norton v. Houston Indus. Inc.*, 106 F. App'x 209, 212 (5th Cir. 2004) (finding that emotional harm caused by plaintiff's loss of her job did not meet the high threshold required for an intentional infliction of emotional distress claim).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion (Doc. 39)** is **GRANTED IN PART**, as follows: Plaintiffs' § 1983 supervisor liability claims against Defendants Kevin McDonald, the City of New Roads, and Robert Myer are **DISMISSED WITH PREJUDICE**; all of Plaintiffs' claims against Defendant Robert Myer are **DISMISSED WITH PREJUDICE**; Plaintiff Edie Hammond's individual claims are **DISMISSED WITH PREJUDICE**; Plaintiff Carmen Hammond's claims for intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**; and Counts Two and Three are **DISMISSED AS MOOT**, having already been dismissed with prejudice in a prior Ruling (Doc. 21). The **Motion (Doc. 39)** is otherwise **DENIED**.

Baton Rouge, Louisiana, this 24th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**